# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MARTIN, | 1:11-cv-01259 LJO MJS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES |
| v. | |
| P.L. VAZQUEZ, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## I.     BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections. On July 11, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court claiming ineffective assistance of counsel and due process violations at trial. (Pet. at 6, ECF No. 1.)

Petitioner made no mention in his petition regarding whether his claims had been properly presented to any California court, including the California Supreme Court. On August 15, 2011, this Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. Petitioner was forewarned that the failure to comply with the order would result in dismissal of the petition. (Order, ECF No. 6.) Petitioner responded to the order to show cause on September 6, 2011. In his response, Petitioner did not address whether his claims had been presented to the California Supreme Court.

## II.     DISCUSSION

### A.     Procedural Grounds to Dismiss Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

2   not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the

3   Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may

4   be raised by the attorney general, thus avoiding the necessity of a formal answer as to that

5   ground."   Based on the Rules Governing Section 2254 Cases, the Court will determine

6   whether Petitioner is entitled to relief pursuant to its authority under Rule 4.

7           **B.     Exhaustion of State Remedies**

8           A petitioner who is in state custody and wishes to collaterally challenge his conviction

9   by a petition for writ of habeas corpus must exhaust state judicial remedies.   28 U.S.C. §

10  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

11  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman

12  v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982).

13          A petitioner can satisfy the exhaustion requirement by providing the highest state court

14  with a full and fair opportunity to consider each claim before presenting it to the federal court.

15  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

16  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have

17  specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513

18  U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904

19  (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

20              In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
            exhaustion of state remedies requires that petitioners "fairly presen[t]" federal
21          claims to the state courts in order to give the State the "'opportunity to pass upon
            and correct alleged violations of the prisoners' federal rights" (some internal
22          quotation marks omitted). If state courts are to be given the opportunity to
            correct alleged violations of prisoners' federal rights, they must surely be alerted
23          to the fact that the prisoners are asserting claims under the United States
            Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at
24          a state court trial denied him the due process of law guaranteed by the
            Fourteenth Amendment, he must say so, not only in federal court, but in state
25          court.

26  Duncan, 513 U.S. at 365-366.

27          The Ninth Circuit examined the rule further, stating:

28              Our rule is that a state prisoner has not "fairly presented" (and thus

                                          -2-

1  exhausted) his federal claims in state court *unless he specifically indicated to*
2  *that court that those claims were based on federal law.* See Shumway v. Payne,
   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
3  Duncan, this court has held that the *petitioner must make the federal basis of the*
   *claim explicit either by citing federal law or the decisions of federal courts, even*
4  *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th
   Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
5  underlying claim would be decided under state law on the same considerations
   that would control resolution of the claim on federal grounds. Hiivala v. Wood,
6  195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
   (9th Cir. 1996); . . . .

7          In Johnson, we explained that the petitioner must alert the state court to
8  the fact that the relevant claim is a federal one without regard to how similar the
   state and federal standards for reviewing the claim may be or how obvious the
9  violation of federal law is.

10 Lyons, 232 F.3d at 668-669 (emphasis added).

11         As stated above, Petitioner was informed by the Court that the claims of his federal

12 petition were unexhausted and was ordered to show cause why the petition should not be

13 dismissed. Petitioner has not provided any evidence that he filed a petition with the California

14 Supreme Court. As Petitioner has not exhausted his claims in state court, the petition must be

15 dismissed.

16                                      **ORDER**

17         Accordingly, IT IS HEREBY ORDERED that:

18         1. The Petition for Habeas Corpus be DISMISSED without prejudice[1].

19 IT IS SO ORDERED.

**Dated:    December 20, 2011           /s/ Lawrence J. O'Neill**
20                                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27     [1]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from
   returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition
28 on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).

                                        -3-